IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Eugene Griffin, #175349,      ) | |
| ) | |
| Petitioner,     ) | |
| ) | C.A. No.: 2:07-0874-PMD-RSC |
| v.                                                    ) | |
| ) | **ORDER** |
| A.J. Padula, Warden of Lee Correctional  ) | |
| Institution,                                        ) | |
| ) | |
| Respondent.     ) | |
| _____) | |

This matter is before the court upon the recommendation of United States Magistrate Judge Robert S. Carr that Griffin's ("Petitioner" or "Griffin") petition for writ of habeas corpus be denied as time-barred. The record contains a report and recommendation ("R&R") of the Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] If a party disagrees with the recommendation as it stands in the R&R, that party may submit written objections to the court within ten days after being served with a copy of that report. 28 U.S.C. 636(b)(1). Petitioner filed timely objections to the R&R.

**BACKGROUND**

At the September 1990 term, the Richland County Grand Jury indicted Griffin for Burglary (dwelling), Kidnapping, Robbery (strong arm), and First Degree Criminal Sexual Conduct. (*See* Petition App. at 3-10.) On February 13, 1991, a jury found Griffin guilty of First

---

[1] 28 U.S.C. § 636(b)(1), which is comparable to Local Rule 73.02(B)(2)(e), D.S.C., provides that the Magistrate Judge is designated to review all pretrial proceedings involving litigation by individuals proceeding *pro se* and may submit findings and recommendations to the court.

1

Degree Burglary, Kidnapping, Strong Arm Robbery, and Aggravated Assault and Battery. The Honorable M. Duane Shuler sentenced Petitioner to confinement for a period of fifteen years for First Degree Burglary; a period of life for Kidnapping; a period of ten years (consecutive) for Strong Arm Robbery; and a period of ten years (consecutive) for Aggravated Assault and Battery. (*See* Petition App. at 11-14.) Griffin filed a timely Notice of Appeal, but the South Carolina Supreme Court dismissed the appeal on April 8, 1992. (*See* Petition App. at 22.)

On February 17, 1993, Griffin filed an application for Post-Conviction Relief ("PCR"), and on July 20, 1994, an evidentiary hearing was held before the Honorable L. Casey Manning. However, Judge Manning denied and dismissed Griffin's application in an Order dated October 18, 1994. (R&R at 2.) From this Order, Griffin filed a Notice of Appeal, but the South Carolina Supreme Court denied the Petition for Writ of Certiorari on November 2, 1995. (R&R at 2.)

After the dismissal of his first PCR application, he filed two more, one on December 18, 1995, and the other on October 15, 2004. Both met much the same result as the first. The December 18, 1995 PCR application was denied and dismissed by the Honorable L. Henry McKellar by an Order dated January 3, 1998. (R&R at 2.) Petitioner again filed a timely Notice of Appeal, and on September 28, 1999, the Supreme Court of South Carolina remitted the case to the trial court. (R&R at 2.) The Supreme Court of South Carolina subsequently denied certiorari in this case on October 20, 2006. Griffin filed his third application for post-conviction relief on October 15, 2004, but that application was also dismissed by the trial court on March 20, 2006. (R&R at 2.)

The petition before this court is Petitioner's first petition for writ of habeas corpus filed in the United States District Court for the District of South Carolina. (R&R at 2.) Griffin filed

this petition under 28 U.S.C. §2254[2] on March 29, 2007. Griffin raised three challenges in his petition:

> 1. Violation of his Fifth and Fourteenth Amendment Due Process rights because of the criminal process
> 2. Violation of his Fifth and Fourteenth Amendment Due Process rights because of the manner in which his application was dismissed and
> 3. Violation of his Sixth Amendment rights of a guarantee to effective assistance of counsel.

(Petition Attachment at 1, 5, 8.)

The Magistrate Judge issued an R&R on April 30, 2007, recommending that Griffin's petition be denied since it is time-barred by the one-year limitations provision of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2244(d).[3]

---

[2] 28 U.S.C. §2254 provides, in relevant part,
**(a)** [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
**(b)(1)** An application for a writ of habeas corpus . . . shall not be granted unless it appears that–
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
> **(B)(i)** there is an absence of available State corrective process; or
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

[3] 28 U.S.C. § 2244(d)(1) provides,
**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**STANDARD OF REVIEW**

The Magistrate Judge only makes a recommendation to the Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged to review *de novo* those portions of the R&R that have been specifically objected to, and the court may accept, reject, or modify the R&R, in whole or in part. 28 U.S.C. §636(b)(1). Additionally, the court may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §636(b)(1). After reviewing the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law. Therefore, the court is adopting the R&R in full, specifically incorporating it into this Order.

**OBJECTIONS**

As the Magistrate Judge correctly noted, 28 U.S.C. § 2244(d)(1), as amended in 1996 by the AEDPA, provides that a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. §2244(d)(1). "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Nevertheless, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003);

---

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).  Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'"  *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris,* 209 F.3d at 330).

  Although difficult to understand, the court liberally reads Griffin's objections to find three objections to the R&R.  Griffin first objects to the Magistrate Judge's statement in the R&R that Griffin filed his first PCR application on February 17, 1993.  Griffin asserts that the February 17, 1993 application involved "matters NOT RELATED TO petitioner's criminal proceeding, or to any claims, related thereof, and is considered a moot issue, in and of these proceedings."  (Objections at 7.)  This objection, however, is without merit.  Assuming Griffin is correct in asserting that he did not file his first PCR application until December 29, 1995, the one-year statute of limitations as stated in 28 U.S.C. § 2244(d) would have already run, time-barring this habeas corpus application.  (*See* Objections at 8.)  As provided for in the statute, the statute of limitations shall run from the latest "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Since the direct review of Griffin's conviction became final on April 8, 1992 when the Supreme Court of South Carolina affirmed it on direct appeal, the statute of limitations began running from that day until the day of the first PCR application.  (R&R at 1.)  If, as Griffin states, his first PCR application was not filed until December 29, 1995, the statute of limitations had already run since a total of 1360 days of untolled time had passed between the date his conviction was final and December 29, 1995.  Griffin's first objection is thus without merit.

  Secondly, Griffin objects to the recommendation of dismissal by the Magistrate Judge

5

because he claims that no one informed him, after his December 29,1995 application was dismissed, of any "'right' to further appellate review, under 28 U.S.C. §2254, much less[] of any time limits, for filing such action." (Objections at 8.) He states that when his first PCR[4] was dismissed on September 28, 1999, his due process rights were violated as he "rel[ied] upon his appointed counsel to ensure his rights to review were protected." (Objections at 8.)

In *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), a § 2254 petitioner appealed the district court's dismissal of his § 2254 petition as untimely. *Harris*, 209 F.3d at 326. In *Harris*, the petitioner was convicted in state court on November 9, 1990, and on April 24, 1992, the Maryland Court of Appeals denied his petition for a writ of certiorari. *Id*. The AEDPA was enacted in 1996, and on "March 12, 1997, ten-and-one-half months after the enactment of the AEDPA, Harris filed a petition for state post-conviction relief." *Id*. His application was denied, and on January 7, 1998, "the Maryland Court of Special Appeals denied Harris' application for leave to appeal the denial, thus concluding his state post-conviction proceedings." *Id*. After Harris' counsel learned of the state court's final decision on post-conviction relief, he wrote Harris a letter dated January 12, 1998, which stated,

> The next (and last) step is to go into federal court by way of a federal habeas Petition. You have one year from January 7, 1998 [the date the state post-conviction proceedings concluded], or up to and including January 6, 1999, to go into federal court.

*Id*. at 326-27. Harris filed his federal habeas petition on July 22, 1998, and when the district court dismissed it as time-barred, Harris appealed. *Id*. at 327.

Although Harris argued the one-year limitations period did not begin to run until the

---

[4]This refers to the December 29, 1995 application for post conviction relief rather than the first application as noted by the Magistrate Judge which was filed February 17, 1993.

conclusion of state post-conviction proceedings, the Fourth Circuit rejected that argument and determined that in Harris' case, the one-year limitations period began to run on April 24, 1996, the effective date of the AEDPA. *Id*. at 328. The running of the statute was suspended while his state petition was pending, but it commenced running again on January 7, 1998. *Id*. Because Harris filed his petition six months after the one-year period had expired, the Fourth Circuit found his petition time-barred. *Id*.

Harris also argued that even if the one-year period had run, "equitable tolling should be applied . . . because he relied on the negligent and erroneous advice of his counsel who misadvised him of the deadline for filing this habeas petition and because precedent at the time counsel gave him the advice was not clear." *Id.* (internal quotation marks omitted). Concluding that § 2244(d) "is subject to equitable tolling, at least in principle," the Fourth Circuit then examined whether equitable tolling was appropriate in Harris' case. *Id*. at 329-30. The court noted that equitable tolling "has been applied in two generally distinct kinds of situations." *Id*. at 330 (quotation marks omitted). The first is where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant." *Id*. at 330. In the second situation, "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id*. (quotation marks omitted). The court stated,

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> There is no allegation . . . that the State of Maryland contributed in any

7

> way to Harris' delay in filing his petition. Therefore, to invoke equitable tolling, Harris must be able to point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit.
> 
> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that extraordinary circumstance external to Harris that would justify equitable tolling.

*Id.* (internal quotation marks and citations omitted); *see also Carlson v. Houston*, No. 4:05CV3012, 2005 WL 1221828, *1 (D. Neb. May 23, 2005) (denying and dismissing a § 2254 petition were the petitioner argued he was entitled to equitable tolling because his two attorneys failed to inform him of the AEDPA's one-year statute of limitations; the court stated, "An inmate's lack of notice concerning the AEDPA statute of limitations does not warrant equitable tolling of the statute of limitations.").

Following the rationale of *Harris*, if a petitioner is not entitled to equitable tolling because his attorney *misinformed* him about the AEDPA's statute of limitations, it follows that a petitioner is not entitled to equitable tolling when his attorney does not inform him of the statute of limitations. *Harris*, 209 F.3d 325; *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("But, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"). Petitioner does not allege extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time. Despite the opportunity to do so in his objections, Petitioner has never submitted to this

court any cognizable reason for his failure to file his *habeas* petition in a timely manner.[5] Griffin's second objection is thus without merit.

In his third objection, Griffin argues that the Magistrate Judge's recommendation of dismissal is incorrect because he had raised in his October 2004 PCR application a subject matter jurisdiction claim that can be "raised <u>at any time</u>, and under such circumstances, if necessary, even in a second PCR [a]pplication." (Objections at 13.) Griffin alleged this claim because of what he termed a defective indictment. This indictment led to his conviction and was amended to reflect that Griffin's middle name is Eugene rather than Edward and to reflect that Griffin's two prior convictions were for "Burglary or Housebreaking" not just "Burglary" because at the time of those convictions the crime was termed "Housebreaking." (Petition App. at 15-16.) While relying on an overruled Supreme Court case, *Ex parte Bain*, 121 U.S. 1 (1887), as well as South Carolina case law until 2005 when the rule changed (*State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005)), Griffin bases his objection on the out-dated concept that a defective indictment will deprive a court of subject matter jurisdiction. He thus argues his subject matter jurisdiction claim can be raised at any time notwithstanding the AEDPA.

However, the court finds this objection to be without merit. While a federal court is obligated to raise questions concerning its own subject matter jurisdiction *sua sponte* in all cases, *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004), this principle does not extend to *sua sponte* examination of a state court's subject matter jurisdiction by a federal court.

---

[5]Petitioner's right to file objections to the R&R constituted his opportunity to object to a dismissal of his Petition based on the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (in a habeas case, since timeliness may lead to a dismissal of the case, the petitioner must be given warning and opportunity to explain before dismissal).

Whether a state court has subject matter jurisdiction over an offense is a question of state law. *U.S. ex. rel. Flowers v. Rundle*, 314 F.Supp. 793, 794 (E.D.Pa. 1970). Thus, this court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris,* 465 U.S. 37 (1984) ("A federal court may not issue a writ [of habeas corpus] on the basis of a perceived error of state law."). Griffin argues the state court lacked subject matter jurisdiction in an attempt to avoid the time limitations of the AEDPA. However, since "[t]here is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA," the court finds that Griffin's habeas petition is untimely and must be dismissed. *Moore v. Ozmint*, No. 8:06-0990-GRA-BHH, 2006 WL 2873620, *1 (D.S.C. Oct. 4, 2006).

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Griffin's Petition for writ of habeas corpus is **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 6, 2007**

10